UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

January 19, 2021

LETTER TO COUNSEL

RE: *Wendy S. v. Saul*
Civil No. DLB-19-3553

Dear Counsel:

On December 13, 2019, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment and plaintiff's response. ECF 16 ("Pl.'s Mot."); ECF 17 ("Def.'s Mot."); ECF 18 ("Pl.'s Resp."). I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed her claims for benefits on March 1, 2016, and July 19, 2016, alleging an onset date of January 20, 2016. Administrative Transcript ("Tr.") 169-80. The SSA denied her claims initially and on reconsideration. Tr. 70, 83, 96. An Administrative Law Judge ("ALJ") held a hearing on August 29, 2018. Tr. 31-56. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12-30. Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr. 1-6; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); 20 C.F.R. § 422.210(a).

The ALJ found plaintiff severely impaired by "depression, bipolar disorder, and generalized anxiety disorder." Tr. 17. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: simple, unskilled tasks; with no fast pace or strict

*Wendy S. v. Saul*
Civil No. DLB-19-3553
January 19, 2021
Page 2

production requirements; occasional changes in work setting; and occasional interaction with co-workers and the public.

Tr. 20. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff could not perform her past relevant work but could perform work in jobs existing in significant numbers in the national economy. Tr. 23. Therefore, the ALJ concluded plaintiff was not disabled. Tr. 24-25.

On appeal, plaintiff argues the ALJ's decision runs afoul of the Fourth Circuit's holdings in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), and *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019). Plaintiff also argues the ALJ erred in evaluating the severity of her breast cancer at step two. I agree the errors in the ALJ's RFC determination require remand. Accordingly, I remand, but I express no opinion as to plaintiff's ultimate entitlement to benefits.

The Fourth Circuit in *Mascio* remanded for, as pertinent to this case, the inadequacy of the ALJ's RFC assessment with respect to the plaintiff's "moderate difficulties" in concentration, persistence, or pace ("CPP"). 780 F.3d at 638. CPP is one of four broad, functional areas an ALJ must consider when evaluating a claimant's mental impairments.[1] 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b); *see* 20 C.F.R. §§ 404.1520a, 416.920a (explaining the "special technique" for evaluating the severity of a claimant's mental impairments). The ALJ assesses the extent to which the claimant's impairment "interferes with [her] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(c)(2), 416.920a(c)(2). The ALJ then rates a claimant's degree of limitation in the four areas using a five-point scale: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4), 416.920a(c)(4). A moderate limitation signifies the claimant's "fair" abilities in the relevant functional area. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(c).

In *Mascio*, the ALJ found the plaintiff moderately limited in CPP but confined the plaintiff's nonexertional RFC only to "unskilled work." 780 F.3d at 637-38. The Fourth Circuit remanded, holding an ALJ does not summarily account for a moderate CPP limitation by restricting a claimant to "simple, routine tasks or unskilled work…[because] the ability to perform simple tasks differs from the ability to stay on task." *Id*. at 638; *see Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). The Fourth Circuit subsequently emphasized *Mascio* "did not impose a categorical rule that requires an ALJ to always include moderate [CPP] limitations…as a specific limitation in the RFC." *Shinaberry*, 952 F.3d at 121 (finding the ALJ adequately explained how an RFC limited to simple, routine, and repetitive tasks accounted for the plaintiff's moderate CPP limitation because the ALJ referenced psychological evaluations and the plaintiff's adult function report, all of which supported his conclusion). Rather, an ALJ need only explain how substantial evidence supports his conclusion as to the plaintiff's CPP abilities in a work setting. *Mascio*, 780 F.3d at 638; *see, e.g.*, *Sizemore v. Berryhill*, 878 F.3d 72, 79-81 (4th Cir. 2017) (holding two

---

[1] Three other functional areas also require assessment: (1) the ability to understand, remember, or apply information; (2) the ability to interact with others; and (3) the ability to adapt or manage oneself. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b) (the "paragraph B" criteria).

medical opinions substantially supported the ALJ's determination that the plaintiff could work in a low stress setting, defined as non-production jobs without any fast-paced work, despite his moderate CPP limitation).

In conducting substantial evidence review, courts look "to an existing administrative record and [ask] whether it contains 'sufficient evidence' to support the agency's factual *determinations*." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citation omitted) (emphasis added). However, before reviewing a decision for substantial evidence, the Court must understand what exactly the agency decided. On this point, *Thomas* is instructive. In *Thomas,* the Fourth Circuit held an ALJ's RFC assessment limiting the plaintiff to work "requiring a production rate or demand pace" frustrated review because the Court lacked "enough information to understand what those terms mean[t]." 916 F.3d at 312. Expressing no opinion as to whether the RFC findings were correct, the Court remanded for "a clearer window into" the ALJ's reasoning. *Id.* at n.5 ("Without further explanation, we simply cannot tell whether the RFC finding…properly accounts for [the plaintiff's] moderate limitations in [CPP]. On remand, the ALJ will need to establish for how long, and under what conditions, [the plaintiff] is able to focus…and stay on task at a sustained rate."). And, while in *Thomas* the ALJ's utilization of an ambiguous term was one among many reasons the Court remanded, the Fourth Circuit has subsequently remanded solely for an ALJ's failure to define similar, ambiguous terms in the RFC determination. *See, e.g.*, *Perry v. Berryhill*, 765 F. App'x 869, 873 (4th Cir. 2019).

Here, the ALJ applied the special technique and found plaintiff moderately limited in CPP:

> With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation. On a function report, the claimant states she watches television, does crossword puzzles, and does not indicate trouble with concentration or task completion. Inpatient mental health records from January 2017 note poor concentration. At the hearing, the claimant testified she has difficulty maintaining attention; however, the most recent mental status exams observe normal attention/concentration.

Tr. 19 (internal citations omitted).

Plaintiff argues the ALJ did not adequately account for her moderate CPP limitation in the RFC determination. Pl.'s Mot. at 10-14. Plaintiff's argument contains two primary components: First, the ALJ limited plaintiff's RFC, in relevant part, to "simple, unskilled tasks." Pl.'s Mot. at 11. Because the Fourth Circuit held in *Mascio* that an ALJ does not summarily account for a plaintiff's moderate CPP limitation with an RFC determination confined to "simple, routine tasks or unskilled work," plaintiff argues the ALJ erred in failing to account for her moderate CPP limitation or, alternatively, in failing to explain why no such limitation was necessary, considering her limited CPP abilities. *Id.* at 10-11; *Mascio*, 780 F.3d at 638. Second, plaintiff argues the ALJ's further limitation of plaintiff's RFC to "no fast pace or strict production requirements" insufficiently accounts for her moderate CPP limitation. Pl.'s Mot. at 14. The two errors together, plaintiff argues, render the ALJ's RFC determination unsupported by substantial evidence. *Id.*

The Commissioner disagrees but does not argue the ALJ's confinement of plaintiff's RFC to "simple, unskilled tasks" accounted for plaintiff's moderate CPP limitation. *See* Def.'s Mot. The Commissioner instead focuses his argument on the phrase "no fast pace or strict production requirements." *See id.* The Commissioner distinguishes *Thomas* from the instant case by arguing that here the ALJ "gave a clear window into his reasoning and sufficiently explained how he reached his conclusion that [plaintiff] would be limited to 'no fast pace or strict production requirements.'" Def.'s Mot. at 7 (citing Tr. 20). The Commissioner distinguishes *Perry* by arguing that here the ALJ specifically referenced "pace," whereas in *Perry* the ALJ referenced a "non-production oriented work setting." Def.'s Mot. at 6 n.1. The Commissioner contends the inclusion of the word "pace" in the RFC limitation makes clear that the ALJ was accounting for plaintiff's moderate CPP limitation. *Id.*

In light of the Commissioner's election not to argue the ALJ's RFC determination complies with *Mascio* with respect to the portion limiting plaintiff to "simple, unskilled tasks," I agree with plaintiff that the ALJ did not address her moderate CPP limitation with that component of the RFC determination. *See* 780 F.3d at 638; Pl.'s Mot. at 10-11; Def.'s Mot.

Thus, if plaintiff's moderate limitation in CPP is accommodated at all, it is with the portion limiting plaintiff to "no fast pace or strict production requirements." That limitation is analogous to those the Fourth Circuit found unreviewable in *Thomas* and *Perry*. *See Thomas*, 916 F.3d at 312 (considering "production rate or demand pace"); *Perry*, 765 F. App'x at 872 (considering "non-production oriented work setting"). Indeed, this Court has found this exact limitation unreviewable under *Thomas*'s reasoning. *See, e.g.*, *Nora P. v. Cmm'r, Soc. Sec. Admin.*, No. SAG-18-1604, 2019 U.S. Dist. LEXIS 68383 (D. Md. Apr. 23, 2019) ("Plaintiff is correct that the ALJ presented the VE with a hypothetical including 'no fast pace, or strict production requirements' with no further definition of those terms. The term 'strict production requirements' is directly analogous to the term deemed problematic in *Thomas*, and, as this Court has previously noted, 'Different individuals can have different conceptions of what work is or is not fast.'") (internal citations omitted). I agree with plaintiff and the Court's reasoning in *Nora P.* that "no fast pace or strict production requirements," without further explanation from the ALJ, frustrates appellate review under the rationales in *Thomas* and *Perry*. Tr. 20; *see Thomas*, 916 F.3d at 312 (noting "production rate or demand pace" is "not common enough for [the Court] to know what [it] mean[s]"); *Perry*, 765 F. App'x at 872 (noting "non-production oriented work setting" is not defined in the regulations or in the Dictionary of Occupational Titles, is not self-explanatory, and was not otherwise explained by the ALJ). From this vague and non-specific terminology, I am unable to determine whether the RFC accounts for plaintiff's moderate limitations in CPP, especially those regarding her productivity and the pace at which she can work.

Further, I disagree with the Commissioner that the instant case is distinct from *Thomas* and *Perry*. The Commissioner argues this case survives *Thomas*'s scrutiny because the ALJ cited and discussed evidence, making clear how and why he concluded "no fast pace or strict production requirements" accounted for plaintiff's moderate CPP limitation. Def.'s Mot. at 6-7. I agree the ALJ's language suggests he attempted to account for plaintiff's moderate CPP limitation with some combination of "simple, unskilled tasks" and "no fast pace or strict production

*Wendy S. v. Saul*
Civil No. DLB-19-3553
January 19, 2021
Page 5

requirements." *See* Tr. 22.  But a federal court hearing a Social Security appeal must determine whether substantial evidence supports the ALJ's findings, and here the problem is the Court "do[es] not know what the ALJ intended when [he] used [the] phrase" "no fast pace or strict production requirements." *Craig*, 76 F.3d at 589; *Perry*, 765 F. App'x at 872; Tr. 20. "As a result, it is difficult, if not impossible, to evaluate whether restricting" plaintiff to "no fast pace or strict production" work "properly accounted for [plaintiff's] well-documented limitations in [CPP]." *Perry*, 765 F. App'x at 872; Tr. 20.  The error is not a failure to discuss the evidence of record. The error is the ALJ's failure to adequately explain his conclusions about plaintiff's limitations in light of the evidence of record. *See Thomas*, 916 F.3d at 311 ("First, when evaluating Thomas's RFC, the ALJ did not sufficiently explain her *conclusions* regarding Thomas's mental impairments.") (emphasis added).  Thus, as in *Thomas*, I cannot determine whether substantial evidence supported the ALJ's findings because I cannot discern what the ALJ actually meant by "no fast pace or strict production requirements."

Finally, because I remand this case for the ALJ's errors with respect to plaintiff's RFC, I decline to reach plaintiff's arguments about the ALJ's analysis of the severity of her breast cancer or the substantiality of the evidence supporting the ALJ's step-five determination. *See* Pl.'s Mot at 21-24; Pl.'s Resp. at 7.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 16, is denied, and the Commissioner's motion for summary judgment, ECF 17, is denied.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is reversed in part due to inadequate analysis.  The case is remanded for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion.  A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge